IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                          CRIMINAL: 14-705 (PAD)

LUIS MIGUEL DE LA CRUZ RIVERA,

Defendant.

**REPORT AND RECOMMENDATION**
**RE: RULE 11(c)(1)(B) PROCEEDINGS (PLEA OF GUILTY)**

**I.      Procedural Background**

On November 24, 2014, Luis Miguel De la Cruz-Rivera (hereinafter referred to as "defendant"), assisted and represented by counsel, waived his right to be charged by means of an indictment, consented to the filing of an information, and entered a guilty plea as to count one of the information. Count one charges that on or about September 25, 2014, in the District of Puerto Rico and within the jurisdiction of this court, the defendan knowingly and unlawfully uttered, possessed, and used or attempted to use documents prescribed by statute or regulations as evidence of authorized stay and entry in to the United States to wit: a United States Visa No. 51016841, under the name of Luis Miguel De La Cruz-Rivera, which the defendant knew to be forged, counterfeited, altered or falsely made or to have been procured by means of false claim or to have been and unlawfully obtained by fraud or unlawfully obtained, in violation of Title 18 United States Code, Section 1546(a).

**II.     Consent to Proceed Before a Magistrate Judge**

In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the entry of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the

2

differences between the appointment and functions of the two. The defendant consented to proceed before the undersigned magistrate judge.

**III.     Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

    **A.     Rule 11(c)(1) Requirements**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)). United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

    **B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.   To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2.   To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3.   To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4.   To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5.   To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

**C. Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

In response to further questioning, defendant was explained and he understood that if convicted on count one he will face a term of imprisonment of not more than ten (10) years, a fine not greater than two hundred fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years. The defendant was also explained what the supervised release term means and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. Furthermore, he was advised that parole has been abolished and that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone or simply because he disagrees with the sentence imposed. The defendant understood this.

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

**D. Absence of Plea Agreement**

There is no plea agreement in this case. The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory. In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute. Defendant acknowledged having understood these explanations.

**E. Government's Evidence (Basis in Fact)**

There is a basis in fact as to all the elements of the offense in view that the defendant admitted in open court that the following facts are true:

4

1- That on or about September 25, 2014 at the Luis Muñoz Marín International Airport in Carolina, Puerto Rico, defendant, a citizen and national of the Dominican Republic, was found in the United States attempting to board Jet Blue Airline flight number 462, bound to the city of Boston, Massachusetts.

2-That during the inspection conducted by the U.S. Customs and Border Protection, defendant claimed to be a citizen of the Dominican Republic and presented two Dominican Republic Passport number's XXXXX7766 and XXX3955, a United States Visa number 51016841 and I-94 Form number XXXXXXXX8627 as proof of his identity and authorized stay and entry in to the United States.

3- That defendant claimed to be the rightful owner of the Dominican Republic Passport number XXXXX7766, containing his photo and issued under the name of Luis Miguel De la Cruz-Rivera.

4- Defendant claimed to be the rightful owner of the Dominican Republic Passport number XXX3955, containing his photo and issued under the name of Luis Miguel De la Cruz-Rivera.

5-That defendant claimed to be the rightful owner of the United States Visa number 51016841, containing his photo and issued under the name of Luis Miguel De La Cruz-Rivera.

6-That during the inspection process, defendant was referred for a more thorough interview and for a closer examination of the documents that he presented.

7-That during this process a Dominican Republic "CEDULA" Card number XXXXXXX546-0 under the name of Luis Miguel De la Cruz-Rivera was found in his possession.

8-That the United States Visa Number 51016841 was queried through the Immigration Data Base System and the query revealed that the U.S. Visa was issued to a female and that the U.S. Visa had expired in October 2012.

9-That defendant was read his legal rights and he decided to waive his right to remain silent and to speak to an attorney before answering any questions to the Customs & Border Protection Officers. Defendant was placed under oath and stated to Customs & Border Protection Officer

5

Mariano Garay that his true and correct name is Luis Miguel De la Cruz-Rivera, and that he is a national and citizen of the Dominican Republic.

10- That further questioning revealed that the defendant obtained the documents by paying an approximate amount of $1,700.00 USD to an unknown person in order to travel to the United States.

11- That the Dominican Republic Consulate database system confirmed defendant's true identity as Luis Miguel De la Cruz-Rivera, a citizen and national of the Dominican Republic.

12- That defendant is an illegal alien with no authorization or legal status to be present or to stay into the United States.

13- That defendant was found in the United States using documents knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim and to have been otherwise produced by fraud or unlawfully obtained.

### F. Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

### G. Administrative Consequences

Defendant was warned, and he understood, that his decision to enter a guilty plea in this case may have negative effects upon his immigration status in the United States.

## IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to count one of the information. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept

6

the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the information.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B). Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

In San Juan, Puerto Rico, this 10th day of December, 2014.

s/Marcos E. López
U.S. MAGISTRATE JUDGE